IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LORIANN DEUEL, <br> LORRAINE DEUEL, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) <br> ) | |
| vs. | ) <br> ) <br> ) | CASE NO. 3:11-0466 <br> JUDGE TRAUGER/KNOWLES |
| FRANK T. DALTON, <br> STATE OF TENNESSEE, Robert E, <br> Cooper, Jr. as the attorney general of the <br> State of Tennessee; TENNESSEE <br> ADMINISTRATIVE OFFICE OF THE <br> COURTS, John & Jane Does 1-100 <br> whose identities may or may not be <br> known but necessary parties to these <br> proceedings, ABC Corp's 1-100 those <br> entities who identities are currently <br> unknown but necessary parties to these <br> Proceedings, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | JURY DEMANDED |
| Defendants. | ) <br> ) | |

## REPORT AND RECOMMENDATION

Judge Trauger has referred this action to the undersigned in part for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (B) the action or appeal –
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim upon which relief may be granted; or

(iii) seeks monetary relief against a defendant who
is immune from such relief.

Docket No. 5.

This is a pro se in forma pauperis action brought by Plaintiffs against Frank T. Dalton, "State of Tennessee, Robert E. Cooper, Jr., as the attorney general of the State of Tennessee" and the Tennessee Administrative Office of the Courts, pursuant to 42 U.S.C. § 1983. Jurisdiction is predicated upon 28 U.S.C. § 1343, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1332 (diversity of citizenship).

Plaintiffs' redacted Complaint presents a lengthy narrative that essentially pertains to a baby born to Plaintiff Loriann Ann Deuel in 1993. Plaintiffs aver that Loriann Deuel and Frank T. Dalton were never married, and that there were no DNA tests to confirm whether or not Mr. Dalton is the baby's biological father. Docket No. 11, p. 3.

The Complaint avers that in May 2002, Defendant Dalton filed a Petition for visitation in Troy, New York. Loriann Deuel went to New York to object to the visitation, but she apparently was not heard by the Court. Thereafter, Defendant Dalton sought to register, authenticate, and enforce the New York Order in the Juvenile Court of Rutherford Court regarding custody and visitation from the New York Court. Loriann Deuel challenged the validity of the New York Order. Her pleadings were ignored, and she was not allowed oral argument, and the Tennessee Court subsequently determined that the New York Order was entitled to full faith and credit. Loriann Deuel was also directed to address her pleadings to the New York Court.

Shortly thereafter, Mr. Dalton came to Tennessee and took the baby to New York. Loriann Deuel attempted to file charges against Mr. Dalton for kidnaping, but the Rutherford County Sheriff refused to allow her to do so. She filed a kidnaping complaint with police in

New York, but, Plaintiffs aver, they refused to do anything when Defendant Dalton showed them a copy of the Orders from New York and Tennessee.

Loriann Deuel moved to vacate the Rutherford Juvenile Court's Order, but that Motion was denied. She filed a second Motion to Vacate the Order, but that was also denied. She appealed those decisions, but her appeals were essentially all denied.

Virtually all the allegations of the Complaint pertain to Plaintiff Loriann Deuel. The Complaint identifies Loriann Deuel as the daughter of Lorraine Deuel. Docket No. 11, p. 22. The Complaint essentially alleges that the matters complained of have affected the health of Lorraine Deuel when the stress and mental suffering caused the medical problem that almost resulted in her losing her life. *Id*., p. 21. The Complaint also avers that Lorraine Deuel "was left stranded in New York State," because she apparently had gone to New York with Loriann Deuel and Mr. Dalton "had Loriann arrested." *Id*., p. 22.

In the instant action, Plaintiffs seek redress for the acts of Defendant Dalton, and claim that the State Defendants (*i.e.*, the State, the State agency, and the Tennessee Attorney General) violated their right to procedural and substantive due process. They also raise the following claims against all Defendants: fraud, "fraud upon the Court," fraudulent conspiracy, respondeat superior, "party to the conspiracy," "color of state law," civil rights, obstruction of justice, and concealing criminal conduct.

Plaintiffs sue all Defendants under 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

> injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . ."

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1998) *citing Parratt v. Taylor*, 451 U.S. 527, 535 (1981); (overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, *quoting United States v. Classic*, 313 U.S. 299, 326 (1941).

To the extent that Plaintiffs' seek to sue Mr. Dalton under § 1983, they have failed to state a claim upon which relief can be granted, because there is no factual basis set forth in the Complaint to support an argument that Mr. Dalton was a state actor. Plaintiffs allege that Mr. Dalton conspired "with a judge, and the judge is the state actor . . . ." Plaintiffs, however, offer no factual support for the existence of such a conspiracy. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiffs have also invoked the diversity jurisdiction of this Court, and apparently seek to sue Mr. Dalton upon that basis as well. There is, however, a "domestic relations exception" to the doctrine of diversity jurisdiction. As one noted authority has stated:

> The federal courts do not have diversity jurisdiction to grant
> divorces, determine alimony and support obligations, or resolve
> the conflicting claims of divorced parents to the custody of their
> children. First recognized by the Supreme Court in *Barber v.
> Barber* [62 U.S. (21 How.) 582, 16 L. Ed. 226 (1859)], the

> exception retains its full force today. As a result federal courts
> generally dismiss diversity cases involving divorce and alimony,
> child custody, visitation rights, establishment of paternity, child
> support, and enforcement separation or divorce decrees still
> subject to state court modification.

**Moore's Federal Practice 3d** § 102.91[1], p. 102-152.7 to -152.8 (footnotes omitted).

Thus, there is no basis for the Court to exercise either diversity jurisdiction or federal question jurisdiction over Plaintiffs' claims against Mr. Dalton.

Plaintiffs' claims against the State of Tennessee and the Tennessee Administrative Office of the Courts must also fail, because a state is not a person for purposes of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1988).

Defendant Robert E. Cooper, Jr. is sued as the Attorney General of the State of Tennessee. Docket No. 11, p. 1-2. An action suing a state officer in his official capacity is the equivalent of an action against the State. *Id.* Thus, Plaintiffs' claims against General Cooper in his official capacity do not state a claim upon which relief can be granted under § 1983.

To the extent that Plaintiffs attempt to sue the State of Tennessee, the Tennessee Administrative Office of the Courts, and/or General Cooper under the Court's diversity jurisdiction, there is no diversity of citizenship between Plaintiffs, who are citizens of Tennessee, and Defendants, who are also citizens of Tennessee. Docket No. 11, p. 1-2.

For the foregoing reasons, the Court lacks subject matter jurisdiction of this action, and Plaintiffs have failed to state a claim upon which relief can be granted against Defendants.

To the extent that Plaintiffs raise state law claims, those claims should be dismissed without prejudice. *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966).

For the foregoing reasons, the undersigned recommends that Plaintiffs' claims be

dismissed for failure to state a claim upon which relief can be granted.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge